**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Larry Edward TARRER, II,
Defendant—Appellant.**

**No. 08–30410.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2010.

Filed Jan. 25, 2010.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

Helen J. Brunner, Esquire, Assistant U.S., Michael Symington Morgan, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, Douglas James Hill, Special Assistant U.S., Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

Maryanne Royle, Esquire, Law Offices of Mary Anne Royle, Vancouver, WA, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Larry E. Tarrer, II, appeals his sentence of 120 months' imprisonment, imposed following his guilty plea to four counts of drug-related charges. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

At sentencing, the district court determined, after an evidentiary hearing, that the two-level upward adjustment under United States Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) for possession of a firearm was applicable and that Tarrer was ineligible for safety valve relief under USSG § 5C1.2 because Tarrer possessed a firearm in connection with the offense.

■ We conclude that the district court did not clearly err in finding that Tarrer possessed a firearm during the commission of the offense, for the purposes of § 2D1.1(b)(1). *See United States v. Lopez–Sandoval,* 146 F.3d 712, 714 (9th Cir. 1998). Tarrer's friend testified that she found the weapon at issue in a drawer she allowed Tarrer to use for his personal belongings. Once possession was shown, the burden shifted to Tarrer, who failed to demonstrate "that it [wa]s 'clearly improbable'" that his possession of the weapon was "in connection with the offense." *See United States v. Nelson,* 222 F.3d 545, 549 (9th Cir.2000) (citing *United States v. Restrepo,* 884 F.2d 1294, 1296 (9th Cir.1989)).

■ We also conclude that the district court did not clearly err in finding Tarrer ineligible for safety-valve relief under § 5C1.2. *See United States v. Ferryman,* 444 F.3d 1183, 1185 (9th Cir.2006). Tarrer failed to meet his burden of showing by a preponderance of the evidence that he did

not possess the weapon in connection with the offense. *See id.* at 1186.

The sentence imposed by the district court is therefore **AFFIRMED.**